IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**GARY W. BOISSEAU**                                                                **PLAINTIFF**

**VERSUS**                                                        CAUSE NO. 3:14cv149-MPM-SAA

**TOWN OF WALLS, MISSISSIPPI,**
**RAY DENISON and PATTI DENISON**                              **DEFENDANTS**

                                                                                    **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages against Defendants Ray Denison and Patti Denison, and actual damages against the Town of Walls, Mississippi for discharge in violation of First Amendment rights. The following facts support this action:

1.

Plaintiff GARY W. BOISSEAU is an adult resident citizen of 1901 Konawa Road, Hernando, Mississippi 38632.

2.

Defendant TOWN OF WALLS, MISSISSIPPI (hereinafter "Defendant Town of Walls") is a political subdivision of the State of Mississippi and may be served with process by service upon its Mayor, Patti Denison, at City Hall, 9087 Nail Road, Walls, Mississippi 38680, or 7858 Michael Drive, Lake Cormorant, Mississippi 38641, or wherever she may be found.

Defendant RAY DENISON (hereinafter "Defendant Ray Denison") in his individual capacity may be served with process by service upon him at 9087 Nail Road, Walls, Mississippi 38680, or 7858 Michael Drive, Lake Cormorant, Mississippi 38641, or wherever he may be found.

00270704.WPD

Defendant PATTI DENISON (hereinafter "Defendant Patti Denison") in her individual capacity may be served with process by service upon her at 9087 Nail Road, Walls, Mississippi 38680, or 7858 Michael Drive, Lake Cormorant, Mississippi 38641, or wherever she may be found.

At all relevant times, Defendant Patti Denison was Mayor of the Town of Walls, Mississippi, and Defendant Ray Denison was an alderman of the Town of Walls, Mississippi.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for causes of action authorized by 42 U.S.C. § 1983. At all relevant times, Defendants acted under color of state law. At such time as the waiting period expires for filing the Notice of Claim, this Court will have supplemental jurisdiction over state law claims, which Plaintiff will make by means of amendment to this Complaint. (*See* Notice of Claim, attached hereto as Exhibit "A.")

4.

Plaintiff was employed by Defendant Town of Walls as police chief for three and one-half (3-1/2) years.

5.

Defendants never claimed that Plaintiff's job was in jeopardy before January 2013. In January 2013, Plaintiff's subordinate officer, Michael Strickland, arrested Charles Pryor for felony DUI. Pryor had an extensive record of prior DUI convictions. Pryor presented a known danger to the traveling public while driving. Officer Strickland's video of the arrest shows that Pryor was falling down drunk and was a clear danger to people on the highways if permitted to drive.

6.

Pryor is a personal friend of Defendant Ray Denison and of Defendant Patti Denison, who, at the time of the arrest, were both alderpersons for Defendant Town of Walls. Almost immediately following Pryor's arrest, both Defendant Ray Denison and Defendant Patti Denison began to make requests that Plaintiff do "something" with Pryor's DUI charge. Plaintiff repeatedly informed Defendant Ray Denison and Defendant Patti Denison that he could not dismiss the DUI charge because Pryor posed a severe danger to the public.

7.

For Plaintiff to have dismissed Pryor's DUI charge would have been for Plaintiff to participate in an illegal activity; to-wit, it would have constituted the Mississippi law crime of obstruction of justice.

8.

On or about July 1, 2013, Defendant Patti Denison became the Mayor of the Town of Walls, Mississippi. Defendant Ray Denison retained his position as an alderman.

9.

Eight (8) days after Defendant Patti Denison became mayor, Defendant Town of Walls, acting under the influence of Defendants Ray Denison and Patti Denison, terminated Plaintiff's employment. Plaintiff's termination occurred on July 9, 2013, approximately five (5) months after the DUI felony arrest of Charles Pryor.

10.

Defendant Patti Denison was asked by news media why Plaintiff was discharged, and she responded that a new board had taken over and the board was "making a change."

11.

When Plaintiff applied for unemployment benefits, Defendant Patti Denison informed the Mississippi Department of Employment Services (hereinafter "MDES") that there was no problem nor issue with Plaintiff's job performance.

12.

Upon Plaintiff's being awarded unemployment benefits, Defendant Town of Walls, acting through Defendant Patti Denison, appealed the MDES' decision and told blatant lies to the MDES, claiming Plaintiff had been warned about poor performance, and claiming that Plaintiff had been terminated because he had viewed an email that he was not supposed to view. These were pretextual, false reasons given to hide the real reason, which was that Plaintiff exercised his First Amendment free speech rights by telling the individual defendants that he would not dismiss the DUI charge of Charles Pryor, and that doing so would endanger public safety.

13.

After hearing the evidence, the Circuit Court of DeSoto County, Mississippi, correctly concluded that Defendant Patti Denison had made blatantly inconsistent statements about Plaintiff's work performance. (*See* Order of Circuit Court of DeSoto County, Mississippi, filed June 18, 2014, attached hereto as Exhibit "B.")

14.

Plaintiff was discharged because he exercised his First Amendment rights by informing the individual Defendants that he would not dismiss the DUI charge given to Charles Pryor, and by explaining to the individual Defendants how dismissing the charge would endanger the public.

15.

The decision to discharge Plaintiff was an official policy decision of Defendant Town of Walls, Mississippi.

16.

The individual Defendants' actions also constitute the tort of malicious interference with employment, and the action of Defendant Town of Walls, Mississippi, constitute the Mississippi law tort of discharge for refusing to commit an illegal act and for refusing to participate in illegal activity. These claims, however, will not be made until such time the waiting period expires with the Notice of Claim. (*See* Notice of Claim, attached hereto as Exhibit "A.") With respect to the Notice of Claim, after expiration of the statutory waiting period, Plaintiff requests that this Complaint be amended to also sue for violations of state law; to wit, for the Mississippi law torts of malicious interference with employment and discharge in violation of public policy.

17.

Defendant Town of Walls, Mississippi, is jointly liable with the individual Defendants, since Plaintiff's firing because of exercise of his First Amendment rights was an official policy decision of the Town of Walls, Mississippi.

18.

Alternatively, Defendant Town of Walls, Mississippi, is liable because it is required to indemnify the individual defendants under the requirements of the Mississippi Tort Claims Act.

20.

Plaintiff has suffered lost income and mental anxiety and stress as a result of Defendants' actions.

## **REQUEST FOR RELIEF**

Plaintiff requests actual damages against the Town of Walls, Mississippi, and actual and punitive damages against Defendants Ray Denison and Patti Denison, in an amount to be determined by a jury, and for reasonable attorneys' fees and expenses.

RESPECTFULLY SUBMITTED, this the 3rd day of July, 2014.

GARY W. BOISSEAU, Plaintiff

By: /s/ JIM WAIDE
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
Rachel Pierce Waide, MS Bar No. 100420
rpierce@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38802-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF